### Case No. 12,484.

SCHUCHARDT et al. v. LAWRENCE.

[3 Blatchf. 397.] [1]

Circuit Court, S. D. New York. Jan. 23, 1856.

CUSTOMS DUTIES—LIQUORS—LEAKAGE—PROTEST.

1. Where, on several importations of gin, the quantity which arrived was, through leakage, less than the quantity stated in the invoice, and the collector exacted duties on the quantity stated in the invoice, which were paid under the following protests, written on the

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

face of the entries: "The actual gauge and 2 per cent. claimed for leakage;" "the actual gauge and 2 per cent. claimed for wantage and leakage;" "the actual gauge and 2 per cent. for leakage claimed on this entry,"—*held*, that these protests were sufficient, under the act of February 26, 1845 (5 Stat. 727).

2. The duty on brandies and other liquors is, under the decision in Lawrence v. Caswell, 13 How. [54 U. S.] 488, to be assessed on the actual quantity which arrives in the United States, and no duty is to be paid on what leaks out during the voyage.

[Cited in Balfour v. Sullivan, 17 Fed. 232.]

This was an action [by Frederick Schuchardt and another] against [Cornelius W. Lawrence] the collector of the port of New York, to recover back an excess of duties paid by the plaintiffs on sundry importations of gin.

John S. McCulloh, for plaintiffs.
Benjamin F. Dunning, for defendant.

INGERSOLL, District Judge. In the case of Lawrence v. Caswell, 13 How. [54 U. S.] 488, the supreme court decided, that the duty of 100 per cent. ad valorem on brandies and other liquors, was to be assessed on the actual quantity which arrived in the United States, and not on the quantity stated in the invoices; in other words, that there should be no duty paid on that which had leaked out of the casks during the voyage.

From May 1, 1847, to September 21, 1850, the plaintiffs imported into New York, on five different occasions, a certain number of pipes of gin. On each importation, there was a leakage of the gin. The duties charged and paid were on the quantity as stated in the invoice, and not on the actual quantity which arrived in the United States. The excess of duties can be recovered back, provided there was a protest at the time of each payment. On two importations by the Angelique, one May 5, 1847, and the other September 13, 1847, the excess of duties was paid under the following protest, written on the face of the entry: "The actual gauge and 2 per cent. claimed for leakage. Schuchardt & Gebhard." On two other importations by the same ship, one May 28, 1848, and the other September 28, 1848, the excess of duties was paid under the following protest, written on the face of the entry: "The actual gauge and 2 per cent. claimed for wantage and leakage. Schuchardt & Gebhard." On an importation by the same ship, February 5, 1849, the excess of duties was paid under the following protest, written on the face of the entry: "The actual gauge and 2 per cent. for leakage claimed on this entry. Schuchardt & Gebhard."

The question is upon the sufficiency of these five several protests. The act of February 26, 1845 (5 Stat. 727), provides. that no action shall be maintained against any collector, to recover back duties paid, unless, at or before the payment of the duties, there was a protest in writing. signed by the claimant, setting forth distinctly and specifically the grounds of objection to the payment. The

above protests are short. They are in writing, and signed by the claimants. They were presented to the collector at or before the payment of the duties. They claim that the collector should not collect duties on any quantity above the actual gauge. From them the collector would understand that they distinctly and specifically set forth, as a ground of objection to the payment of the duties, that they were assessed, not only on the quantity which arrived in the United States, but on a greater quantity. The protests are, therefore, sufficient.

Judgment must be rendered for the plaintiffs for the excess of duties, with interest from the time of payment.